FILED

FEB - 5 2015

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.  **4:15CR00045 RWS/SPM** |
| | ) | |
| DAVID MOHAMMAD AKRAM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INDICTMENT

### COUNT ONE
### [Illegal Asbestos Removal Notice]

The Grand Jury charges that:

1.  In or about November 2012, in Saint Louis City, located within the Eastern District of

Missouri,

### DAVID MOHAMMAD AKRAM,

the defendant herein, did knowingly violate criminal provisions of the federal Clean Air Act

relating to the removal, handling, and disposal of asbestos.

**Asbestos and The Clean Air Act**

2.  Asbestos is a heat-resistant mineral fiber, which has been used in insulation and

fire-retardant products.   The inhalation of asbestos fibers may cause debilitating or fatal lung

disease, such as mesothelioma, asbestosis and lung cancer.

3.  In 1971, the United States Environmental Protection Agency ("EPA") declared asbestos

to be a hazardous air pollutant as defined by Title 42, United States Code, Section 7412 of the

1

federal Clean Air Act.   Subsequently, the EPA promulgated rules, regulations, and requirements under Section 7412 to control the use, removal, handling and disposal of asbestos.   These regulations are commonly known as the National Emissions Standards for Hazardous Air Pollutants ("NESHAP") for asbestos and are found at Title 40, Code of Federal Regulations, Part 61, Subpart M (Sections 61.140 to 61.157 and Appendix A).

4.      The NESHAP for asbestos applies to any owner or operator of a renovation or demolition activity in which the amount of regulated asbestos-contained material to be removed is at least 260 linear feet on pipes, at least 160 square feet on other facility components, or at least 35 cubic feet once removed from any facility components.   40 C.F.R. §61.145, *et seq.*

5.      The NESHAP for asbestos in effect at all times relevant to this indictment provides, among other things, that:

a.   each owner or operator of a regulated demolition or renovation activity must send notice to the EPA or its delegate at least 10 working days prior to the removal of regulated asbestos-containing material.   40 C.F.R.§61.145(b).   In Missouri, such notices must be sent to the Missouri Department of Natural Resources as the EPA's delegate;

b.   no regulated asbestos-containing material can be stripped, removed, or otherwise handled or disturbed at a regulated renovation or demolition site unless at least one on-site representative, such as a foreman or management-level person or other authorized representative, is present who is trained in the provisions of the NESHAP for asbestos regulations and the means of complying with them.   40 C.F.R. §61.45(c)(8);

2

   c. regulated asbestos-containing material must be adequately wetted while it is being stripped (i.e., to take off regulated asbestos-containing material) from a facility component. 40 C.F.R. §61.145(c)(3);

   d. vehicles used to transport asbestos-containing waste material must be marked during the loading and unloading of waste so that the signs are visible, and the markings must include pursuant to 40 C.F.R.§61.149(d)(1)(i)-(iii) the words "DANGER", "ASBESTOS DUST HAZARD", "CANCER AND LUNG DISEASE HAZARD", and "AUTHORIZED PERSONNEL ONLY"; and

   e. all asbestos-containing waste material from a regulated renovation or demolition site must be deposited as soon as is practical at a waste disposal site operated in accordance with the NESHAP for asbestos at 40 C.F.R. §61.154, 40 C.F.R. §61.150(b).

**Factual Background**

  6. The building located at 4548 Dr. Martin Luther King Drive, Saint Louis, Missouri (hereinafter, "the building") was a one-story brick building, with a full basement, which at one point in time housed the Human Development Corporation and the 8th District Branch of the Saint Louis Metropolitan Police Department.

  7. In or around October 2012, Akram purchased the building in "as is" condition from the Human Development Corporation. The building contained approximately 10,500 square feet and contained a basement. The seller's disclosure statement signed by Akram stated that there was asbestos present in the building.

  8. In November 2012, Akram began to work with several contractors to receive price estimates for rehabbing the building. At least two of the contractors advised Akram that there

3

were asbestos-covered pipes in the building. The pipes were estimated to be approximately 500 -1,500 linear feet.

9.    Between November 2012 and December 2012, Akram hired an individual ("Individual One") to obtain a work crew to renovate the interior of the building.   This renovation included the removal of pipes wrapped with asbestos insulation.    The work crew, supervised by Individual One, engaged in renovation activities, which included cutting pipes at the building.   The work crew, including Individual One, were not trained or licensed to work with asbestos.

10.    Between November 2012 and December 2012, the work crew, under the direction of Akram, improperly removed and disposed of asbestos-containing materials.   Specifically, Akram provided cloth gloves and masks for the work crew and instructed the workers to wear long sleeves.   The work crew removed the asbestos from the pipes without using water and stuffed the asbestos in black trash bags.   The work crew then used a non-descriptive truck to transfer the asbestos filled bags to a place other than an approved landfill.

11.    On June 27, 2013, a federal search warrant was executed at the building.   During this search, U.S. EPA field experts entered the building and inspected the basement of the building. The U.S. EPA field experts collected samples inside the basement of the building which confirmed the presence of asbestos inside the building, including remaining asbestos on pipes in the building.

**Clean Air Violations**

12.    Akram did not send notice to the EPA or the Missouri Department of Natural Resources at any time prior to the removal of the asbestos insulation on the pipes inside the building.

4

13.   While the asbestos insulation was stripped, removed, and otherwise handled and disturbed at the building, Akram failed to have an on-site representative present who was trained in the provisions of the NESHAP for asbestos regulations and the means of complying with them.

14.   Akram failed to ensure the individuals adequately wetted the asbestos insulation while it was being stripped and removed.   Thus, when the individuals removed the asbestos insulation, the removal generated a large amount of hazardous asbestos dust.

15.   Akram failed to ensure that the asbestos insulation was sealed in leak-tight, properly labeled containers while wet.   Instead, the removed asbestos insulation was left dry and was placed into large, unlabeled plastic garbage bags and loaded onto a non-descriptive truck for dumping.

16.   Akram failed to ensure that the asbestos insulation was deposited at a waste disposal site operated in accordance with the NESHAP for asbestos.   Instead, Akram directed the work crew to dump the bags of asbestos insulation.

**Asbestos Notice Violation**

17.   In or around November 2012, in Saint Louis City, located within the Eastern District of Missouri,

**DAVID MOHAMMAD AKRAM,**

the defendant herein, the owner and operator of a renovation activity at a building located at 4548 Dr. Martin Luther King Drive, Saint Louis, Missouri, in which more than 260 linear feet, 160 square feet, and 35 cubic feet of regulated asbestos-containing material were removed, knowingly failed to notify the United States Environmental Protection Agency and the Missouri Department

5

of Natural Resources at least ten working days prior to the removal of regulated

asbestos-containing material as required by 40 C.F.R. §61.145(b).

In violation of Title 42, United States Code, Section 7413(c)(1) and Title 18, United States

Code, Section 2.

## COUNT TWO
### [Asbestos Removal Violation]

The Grand Jury further charges:

18. The Grand Jury re-alleges and incorporates by reference Paragraphs 1-16 of Count One
of this Indictment as though fully set forth herein.

19. In or about November 2012, in Saint Louis City, located within the Eastern District of
Missouri,

### DAVID MOHAMMAD AKRAM,

the defendant herein, the owner and operator of a renovation activity at a building located at 4548

Dr. Martin Luther King Drive, Saint Louis, Missouri, in which more than 260 linear feet, 160

square feet, and 35 cubic feet of regulated asbestos-containing material was removed, knowingly

allowed regulated asbestos-containing material to be stripped, removed and otherwise handled and

disturbed when there was not at least one on-site representative present, such as a foreman or

management-level person or other authorized representative, who was trained in the provisions of

the NESHAP asbestos regulations and the means of complying with them, as required by

40 C.F.R. §61.145(c)(8).

In violation of Title 42, United States Code, Section 7413(c)(1) and Title 18, United States

Code, Section 2.

6

## COUNT THREE
## [Asbestos Disposal Violation]

The Grand Jury further charges:

20.    The Grand Jury re-alleges and incorporates by reference Paragraphs 1-16 of Count One of this Indictment as though fully set forth herein.

21.    In or about November 2012, in Saint Louis City, located within the Eastern District of Missouri,

## DAVID MOHAMMAD AKRAM,

the defendant herein, the owner and operator of a renovation activity at a building located at 4548 Dr. Martin Luther King Drive, Saint Louis, Missouri, in which more than 260 linear feet, 160 square feet, and 35 cubic feet of regulated asbestos-containing material was removed, knowingly failed to deposit all asbestos-containing waste material as soon as was practical at a waste disposal site operated in accordance with NESHAP asbestos regulations at 40 C.F.R.§61.154, as required by 40 C.F.R. §61.150(b).

In violation of Title 42, United States Code, Section 7413(c)(1) and Title 18, United States Code, Section 2.

A TRUE BILL

_____

FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

_____
Dianna R. Collins, #59641MO
Assistant United States Attorney

7